IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT R. HAGEN,

                Petitioner,                OPINION AND ORDER

v.

                                                    12-cv-311-wmc

RANDALL HEPP, Warden,
Jackson Correctional Institution,

                Respondent.

---

Petitioner Scott R. Hagen has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the administration of his sentence. Hagen proceeds *pro se* and he has paid the filing fee. This case is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court concludes that this case must be dismissed for reasons set forth briefly below.

FACTS

Hagen was convicted following a jury trial in Marathon County Circuit Court case number 09CF0114 on charges of (1) battery; (2) disorderly conduct; and (3) witness intimidation.[1] On December 17, 2010, Hagen received a sentence of two years in prison followed by a three-year term of extended supervision. Hagen did not pursue a direct appeal. He did, however, file a motion to modify his sentence to include additional credit for pretrial confinement (*i.e.*, "jail credit"). The circuit court denied that motion on November 10,

---

[1] These facts are drawn from the petition and a review of the state circuit court's electronic docket sheets, available at http://wscca.wicourts.gov.

2011.

Hagen does not challenge any of his underlying convictions here. In a petition dated April 23, 2012, Hagen argues that prison officials have calculated his sentence incorrectly by failing to count all of his jail credit. Hagen insists that he has been incarcerated past his mandatory release date and he seeks his immediate release from confinement.

OPINION

The pleadings reflect that Hagen has not presented his claims for review to the highest state court and that he has not exhausted his state court remedies. The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 5 (1982). Lack of exhaustion, however, is not the main impediment to review in Hagen's case.

At the time that Hagen filed his habeas corpus petition, he was in custody at the Jackson Correctional Institution. Public records for the Wisconsin Department of Corrections confirm that Hagen has been released. This raises a question whether Hagen's

claims have become moot.

Article III of the Constitution limits federal court jurisdiction to cases or controversies that remain "live" throughout the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Mootness is a threshold jurisdictional question" that requires a court to ensure that a party maintains a "legally cognizable interest in the litigation" throughout all stages of review. *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (citation omitted). This means that an "actual controversy must be extant at all stages of review, not merely at the time the [petition] is filed." *Alvarez v. Smith*, 558 U.S. 580, 580 (2009) (internal quotation marks and citation omitted). A prisoner's petition for writ of habeas corpus requesting release from custody is moot when that prisoner already has been released from custody unless there are sufficient "collateral effects" or "legal consequences." *Lane v. Williams*, 455 U.S. 624, 632-33 (1982); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Hagen's only claim concerns the calculation of his sentence with respect to his release date. Because Hagen has been released from custody, there is nothing for this court to remedy. In that respect, Hagen has achieved all the relief that is available under the federal habeas corpus statutes.

Hagen does not otherwise allege facts showing that he will suffer collateral consequences that require a decision on the merits. *See Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir. 1998) ("[I]t cannot be said that most prison disciplinary sanctions 'do in fact entail adverse collateral legal consequences,' especially statutory disabilities, such as loss of the right to vote, that are automatic consequences of felony convictions."). The court

concludes, therefore, that the claims are moot and that the habeas corpus petition must be dismissed for lack of jurisdiction.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Where denial of relief is based on procedural grounds, the petitioner also must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, reasonable jurists would not debate the decision that the petition is now moot. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that Scott R. Hagen's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as moot. A certificate of appealability is DENIED. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 18th day of October, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge